IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2020

## JAMAAL MAYES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
No. 300303, 241336        Don W. Poole, Judge

_____

### No. E2019-00282-CCA-R3-PC
_____

Petitioner, Jamaal Mayes, appeals the dismissal of his petition for post-conviction relief from his 2003 guilty-pleaded conviction for attempted rape of a child. Petitioner argues that the statute of limitations should be tolled on due process grounds to assert a later-arising claim, namely that he did not become aware that he was subject to community supervision for life until more than ten years after his plea. After a hearing, the post-conviction court dismissed the petition as untimely. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Charles P. Dupree (on appeal) and Joshua Weiss (at hearing), Chattanooga, Tennessee, for the appellant, Jamaal Mondrew Mayes.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Neal Pinkston, District Attorney General; and P. Andrew Coyle, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Factual and Procedural Background*

In August 2002, Petitioner was indicted for two counts of rape of a child, one count of aggravated sexual battery, and one count of incest based on allegations of sexual

conduct with his niece. On March 6, 2003, Petitioner pled guilty to one count of attempted rape of a child and received a sentence of eight years suspended to probation after the service of eleven months and twenty-nine days. At the plea hearing, the prosecutor stated that Petitioner "will be required to register with the TBI as a sex offender" and "will be subject to the community supervision for life statute." Although the trial court asked if Petitioner understood that he "would be required to register with the sexual offender's registry," the trial court never mentioned community supervision for life, and it was not mentioned on the plea petition signed by Petitioner. The judgement form, however, contains a checkmark designating that "[p]ursuant to [T.C.A. §] 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration."

Petitioner subsequently violated his probation when he was arrested on new charges. After initially being deemed incompetent to stand trial, Petitioner eventually pled guilty in November 2006 to attempted second degree murder and attempted especially aggravated kidnapping. Petitioner was incarcerated until January 2014. At that time, he was released to a halfway house and signed a Community Supervision Certificate with the Board of Probation and Parole. In March or April[1] 2015, Petitioner was charged with violating both the sex offender registry and community supervision for life, to which he subsequently pled guilty on October 6, 2015.

On December 18, 2015, Petitioner filed several pro se motions, including a Motion to Correct Illegal Sentence Pursuant to Rule 36.1. The post-conviction court found Petitioner to be indigent and appointed counsel. On November 10, 2016, appointed counsel filed a petition for post-conviction relief, alleging that the statute of limitations should be tolled because Petitioner did not become aware of the community supervision for life requirement until he registered as a sex offender in April 2014, as well as due to "Petitioner's mental health issues." Petitioner alleged that his guilty plea was not knowing and voluntary because he was not informed of the community supervision for life requirement and because he was not competent to stand trial. Petitioner also alleged that he received ineffective assistance of trial counsel.

On November 16, 2016, the post-conviction court entered a preliminary order finding that the petition was filed outside of the one-year statute of limitations but setting the case for a hearing on the issue of due process tolling of the statute of limitations based on Petitioner's allegations of both a later-arising claim and mental incompetence. After incorrectly noting that the judgment of conviction did not mention community supervision for life "[n]or does the record in case 241336 reflect the entry of an amended

---

[1] The petition for post-conviction relief states that Petitioner was arrested on March 31, 2015, whereas the State's response states that Petitioner was arrested on April 21, 2015, and that the March 31 arrest was for leaving the scene of an accident. There is no documentation related to the charge of violating community supervision for life in the record on appeal.

judgment imposing community supervision for life," the post-conviction court characterized Petitioner's later-arising claim as "subjection to community supervision for life despite the non-imposition of such a sentence by this [c]ourt at any time before the expiration of the sentence." The post-conviction court also treated the petition as a petition for the writ of habeas corpus on this basis, which it granted.[2] The State filed a response on April 19, 2017, arguing that the petition was untimely and that Petitioner was not entitled to due process tolling of the statute of limitations.

A hearing was held on October 17, 2017. Defense counsel acknowledged that the judgment form included the community supervision for life requirement and that the prosecutor mentioned it at the plea hearing. Defense counsel argued, however, that due to Petitioner's "history of mental illness" and inability "to fundamentally read and write," Petitioner was not aware that he was subject to community supervision for life until he was arrested for violating it on March 31, 2015. Defense counsel contended that Petitioner filed his pro se motions, which were subsequently converted into the post-conviction petition, within nine months of his arrest.

Petitioner testified that he was 34 years old and that his highest level of education was eleventh-grade special education. Petitioner characterized his mental health issues as "[m]ental retardation, function of memory, [and] schizophrenia[.]" Petitioner testified that he could "[b]arely" read and write.

As for his 2003 guilty plea, Petitioner did not recall discussing with his attorneys the offenses with which he was charged, the consequences of his plea, or community supervision for life. Petitioner testified that he did not have to report to community supervision during the time that he was on probation. Petitioner testified that he had to sign some paperwork when he was released from prison to a halfway house in January 2014; however, no one mentioned community supervision for life at that time. Petitioner acknowledged his signature on a "probation paper" that said "community supervision or something," but he did "[n]ot clearly" understand the document. He explained, "I signed some papers, but I don't know what I was signing to."

Petitioner testified that he did not become aware of community supervision for life until his arrest for violating it. Petitioner explained to the attorney representing him on those charges "that I wasn't supposed to be on it, because I didn't know anything about it because it wasn't explained to me or mentioned to me or anything." The attorney told him that "she didn't know what to do with it," and he "ended up settling" those violations. Petitioner then filed his motions because he did not believe that he was supposed to be on community supervision for life.

---

[2] Other than setting the matter for a hearing, the post-conviction court's order did not state any relief that Petitioner would be granted based upon its grant of the writ of habeas corpus.

On cross-examination, Petitioner stated that he did not know what would happen if his petition for post-conviction relief were granted. Petitioner did not know that he was not required to report to community supervision for life until his probationary sentence ended. Petitioner testified that when his probation was revoked, he was incarcerated at Brushy Mountain, which does not have a prison library. Petitioner testified that when he was released from prison, "they didn't go over no document with me. They just had me sign some papers, but they didn't explain what the reason or the situation and they just said report." Petitioner admitted that he did not ask what the paper said before he signed it. Petitioner testified that he did not contact an attorney or file any motions regarding community supervision for life between January 2014 and March 2015.

On redirect examination, Petitioner testified that he was not aware that he was on community supervision for life between January 2014 and March 2015. The attorney who represented Petitioner on his criminal charges for violating community supervision for life told him that "she never dealt with a situation like this before, [and] she didn't know what to do[.]" Petitioner testified that he did not want to plead guilty to the violation charges. Petitioner spoke to "a guy that practiced legal work" in the jail, who helped Petitioner prepare his motions.

On November 6, 2017, the post-conviction court entered an order setting the matter for further hearing on November 27, 2017. The post-conviction court noted that Petitioner was raising a claim pursuant to *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010) that his constitutional right to be informed of the community supervision for life requirement before entering a guilty plea was violated. The post-conviction court further noted that *Bush v. State*, 428 S.W.3d 1 (Tenn. 2014), which held that *Ward* did not establish a retroactively applicable constitutional right for the purposes of tolling the statute of limitations under Tennessee Code Annotated section 40-30-102(b)(1), did not bar claims of due process tolling. Again based on its incorrect finding that the judgment form did not contain "any reference to community supervision for life," the post-conviction court's order stated the following:

> Is the omission of a provision for community supervision for life from the judgment a clerical error? If the omission of a provision for community supervision for life from the judgment constitutes a clerical error in the judgment, then the Court agrees with the [P]etitioner that due process would toll the statute of limitations, at least as long as the [P]etitioner was falsely reassured by the plea agreement and the judgment that there was no issue to pursue. If, as the petition alleges, the [P]etitioner did not learn of the requirement until April 2014, however, it would not seem to the Court diligent to wait until after pleading guilty to violating the requirement in October 2015 to challenge the requirement. Absent proof of

mental incompetence at or after the [P]etitioner's discovery of the requirement, the *Ward* post-conviction claim would therefore be untimely.

If the omission of a provision for community supervision for life from the judgment does not constitute a clerical error, however, then the effective amendment of the judgment by the state after the expiration of the sentence to impose an additional restraint on the [P]etitioner's liberty in the form of community supervision for life would, to the extent that it is the cause of any present restraint on the [P]etitioner's liberty, be illegal and a ground for the writ of *habeas corpus*. *See* T.C.A. § 29[-]21[-]101(a) (authorizing persons imprisoned or restrained of liberty to prosecute a writ of *habeas corpus* to inquire into the cause of imprisonment or restraint on liberty).

The Court, which, under T.C.A. § 29[-]21[-]104, has a duty to issue the writ of *habeas corpus* even without an application therefor whenever it has evidence from a judicial proceeding that anyone within its jurisdiction is illegally imprisoned or restrained of liberty, has already issued the writ of *habeas corpus* in this case. At the hearing, however, the parties did not address the issue of the legality of the belated subjection of the [P]etitioner to community supervision for life, even though the [P]etitioner, whom the state alleges was released from custody on 5 January 2016, is, presumably, again subject to community supervision for life, *i.e.*, is subject to a present restraint on his liberty in the form of community supervision for life.

The Court decides that the hearing should be reopened to allow the parties to address, with additional proof or argument, any issue discussed herein. Thereafter, the Court will issue an order disposing of both the explicit *Ward* post-conviction claim and the implicit *habeas-corpus* claim.

On November 9, 2017, the post-conviction court sua sponte issued an order vacating its November 6 order and canceling the scheduled hearing. The post-conviction court found that the March 6, 2003 judgment form did "reflect imposition of a sentence of community supervision for life." The post-conviction court found that despite Petitioner's allegation of his "late discovery of the community-supervision-for-life requirement," his case was "indistinguishable from *Bush*" because the requirement was noted on the judgment form. The post-conviction court found that even if Petitioner's allegation that he did not learn of the requirement until April 2014 were true, he was not diligently pursuing his rights by waiting until after he pled guilty to violating community supervision for life in October 2015 to file his claim. The post-conviction court concluded, "Absent proof of mental incompetence after the entry of the judgment in 2003 or the [P]etitioner's discovery of the requirement in 2014, the Court concludes that the

*Ward* post-conviction claim is untimely." As to any habeas corpus claim, the post-conviction court stated that "it no longer finds the restraint on the [P]etitioner's liberty attributable to the sentence of community supervision for life illegal." The post-conviction court dismissed the petition.

On February 12, 2019, Petitioner filed a document in this Court that was treated as a pro se notice of appeal.[3] On May 10, 2019, this Court granted post-conviction counsel's motion to withdraw and remanded the case to the trial court for the appointment of appellate counsel. After the filing of Petitioner's appellate brief, the State filed a motion to dismiss the appeal on the ground that the notice of appeal was untimely. On November 1, 2019, this Court denied the motion and waived the timeliness of the notice of appeal in the interest of justice. *See* Tenn. R. App. P. 4(a). This case is now properly before this Court on appeal.

*Analysis*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition for post-conviction relief must be filed within one year of the date on which the judgment became final if no direct appeal was taken. T.C.A. § 40-30-102(a). Our legislature emphasized the fact that "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id*., and provided only three narrow exceptions to the statute of limitations: (1) a new constitutional right with retrospective application; (2) new scientific evidence establishing actual innocence; and (3) the invalidation of convictions underlying an enhanced sentence. T.C.A. § 40-30-102(b).

The constitutional right to due process may necessitate tolling the statute of limitations in certain circumstances outside of the enumerated statutory exceptions. *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Sands v. State*, 903 S.W.2d 297 (Tenn.1995). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for 'presentation of claims at a meaningful time and in a meaningful manner.'" *Seals*, 23 S.W.3d at 277-78 (quoting *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush*, 428 S.W.3d at 22 (citing *Whitehead v. State*,

---

[3] The document is a hand-written letter, dated February 6, 2018, complaining about post-conviction counsel's failure to file a notice of appeal. It is not clear why there is a difference of over a year between when the letter was presumably written and when it was filed in this Court.

402 S.W.3d 615, 631 (Tenn. 2013)). Thus far, our supreme court has identified only three instances in which due process requires tolling of the post-conviction statute of limitations: (1) where the basis for post-conviction relief arises after the statute of limitations has expired; (2) where a petitioner's mental incompetence prevented compliance with the statute of limitations; and (3) where attorney misconduct prevents compliance with the statute of limitations. *Whitehead*, 402 S.W.3d at 623-24. "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010)).

In *Ward*, our supreme court held that "trial courts have an affirmative duty to ensure that a defendant is informed and aware of the lifetime supervision requirement prior to accepting a guilty plea." 315 S.W.3d at 476. The supreme court later clarified that while *Ward* established a new constitutional right, its holding was not retroactively applicable such that the statute of limitations for filing a post-conviction petition should be tolled under Tennessee Code Annotated section 40-30-102(b)(1). *Bush*, 428 S.W.3d at 21. However, the court suggested that the statute of limitations might be tolled on due process grounds when appropriate to permit a claim for post-conviction relief based on ignorance of the lifetime community supervision requirement. *See id.* at 21-23.

Petitioner argues on appeal that he was not aware that he was subject to the community supervision for life requirement until his arrest in 2015 and, thus, he is entitled to due process tolling of the statute of limitations to bring a later-arising claim. Petitioner argues that the post-conviction court erred in relying on the community supervision designation on the judgment form without providing Petitioner the opportunity to present proof as to whether "he had ever seen or had the actual judgment form read to him." However, the judgment form was entered into evidence at the hearing, and Petitioner cites no legal authority to support his contention that the post-conviction court was precluded from considering it. Moreover, even if Petitioner never saw a copy of his judgment form containing the requirement, the prosecutor clearly stated at the plea hearing that Petitioner would "be subject to the community supervision for life statute." At that point, even before the supreme court's decision in *Ward*, Petitioner could have filed a post-conviction petition challenging the knowing and voluntary nature of his guilty plea. *See Larry Keith Huddle v. State*, No. E2012-01903-CCA-R3-PC, 2013 WL 3306748, at *4 (Tenn. Crim. App. June 27, 2013) (citing *Chad Alan Parker v. State*, No. M2007-02799-CCA-R3-PC, 2008 WL 2938046, at *8 (Tenn. Crim. App. July 31, 2008), *no perm. app. filed*), *perm. app. denied* (Tenn. Feb. 12, 2014). Thus, Petitioner's claim actually arose at the time he entered his plea, within the statute of limitations. "[T]his Court has long held that ignorance of the existence of a claim that existed when the statute of limitations began to run does not warrant due process tolling." *Raymond Andrew Herbst v. State*, No. M2014-01918-CCA-R3-PC, 2015 WL 4575140, at *3

(Tenn. Crim. App. July 30, 2015) (citing *Brown v. State*, 928 S.W.2d 453, 455-57 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 625-26 (Tenn. Crim. App. 1994)), *perm. app. denied* (Tenn. Nov. 24, 2015). Because Petitioner's claim is not later-arising, he is not entitled to due process tolling of the statute of limitations.

Although Petitioner claims that he "was mentally retarded, had failed a subsequent mental evaluation and could barely read or write" to explain why he did not have actual notice of the community supervision for life requirement until his 2015 arrest, he does not argue that the statute of limitations should be tolled due to his mental incompetence. *See State v. Nix*, 40 S.W.3d 459, 462 (Tenn. 2001), *abrogated in part by Reid v. State*, 396 S.W.3d 478, 512 (Tenn. 2013); *Seals*, 23 S.W.3d at 279. Moreover, Petitioner did not present any evidence in the trial court, other than his own testimony, to establish that he "is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity" to bring his post-conviction claim in a timely manner. *Reid*, 396 S.W.3d at 513 (quoting Tenn. Sup. Ct. R. 28, § 11(B)(1)); *see also Nix*, 40 S.W.3d at 464 ("[A]t the hearing[,] the petitioner bears the burden of proving by clear and convincing evidence that the statute of limitations should be tolled for incompetence[.]"). Thus, any argument that Petitioner is entitled to due process tolling of the statute of limitations during the period of his mental incompetence is waived.

## *Conclusion*

Based on the foregoing, we affirm the judgment of the post-conviction court dismissing the untimely petition for post-conviction relief.

_____
TIMOTHY L. EASTER, JUDGE